## Sumerbank v. Turkdogan

Before McLean and Finkelhor, JJ.

*Alan Bruce Bowden*, for plaintiff.
*Stephen J. Laidhold*, for defendant.

FINKELHOR, J., December 28, 1972.—On December 21, 1970, plaintiff, a banking institution owned and operated by the Government of Turkey, filed suit against defendant, a former Turkish citizen, to recover

money allegedly due to plaintiff bank in the amount of $3,179.22, plus interest, by virtue of a judgment obtained in the Second Civil Court of Ankara, Turkey, on or about January 3, 1959.

In an order of this court by the Hon. Robert Doyle and issued May 18, 1972, it was ruled that the judgment rendered by the Turkish court was not governed by the Uniform Enforcement of Foreign Judgments Act of December 22, 1965, P. L. 1157, 12 PS §921, et seq., and defendant was granted leave to answer plaintiff's complaint and "to file appropriate New Matter going to the question of whether the Turkish judgment . . . is entitled to recognition and enforcement by this Court."

Said new matter was filed on or about June 7, 1972, and includes the defense of accord and satisfaction, the failure of plaintiff to attach the underlying contract between the parties and the laches of plaintiff in pursuing his cause of action.

Plaintiff has now filed preliminary objections to defendant's new matter and argues, first, that in an action to enforce a foreign judgment, defendant may not raise affirmative defenses but is limited to attacking the jurisdiction of the court; and, second, that neither laches nor any applicable statute of limitation applies to a judgment of a foreign nation.

The basic facts are not in dispute. In 1952, Sumerbank, plaintiff, brought a civil suit against defendant for moneys due and owing under an agreement or "pledge" between the parties made in 1945, wherein plaintiff advanced to defendant the necessary moneys for defendant's professional education in Great Britain on the promise by defendant that he would return to Turkey and the employ of plaintiff.

On or about January 30, 1952, "an action for indemnity" was instituted in Turkey and on January 23, 1959, plaintiff took judgment against defendant

in the Ankara Court under the above contract or agreement in the amount of approximately $44,000 Turkish lire, with interest at eight percent per annum from January 30, 1952. Subsequently, plaintiff collected from Turkish guarantors approximately $15,000 lire of this obligation. The record of the Second Civil Court of Ankara is attached to plaintiff's complaint and such record states that the "verdict was passed in the presence of claimant's counsel and in the absence of the defendant."

Having learned that defendant had settled in Pittsburgh, Sumerbank proceeded to bring action in this jurisdiction to enforce the Turkish judgment.

The basic issue in these proceedings is whether the judgment of the Turkish court is valid and, therefore, enforceable in Pennsylvania courts or whether plaintiff must relitigate the claim on its merits.

While "full faith and credit" is not given to the judgment of a foreign nation, section 98 of the Restatement 2d, Conflict of Laws, states as follows:

"A valid judgment rendered in a foreign nation after a fair trial in a contested proceeding will be recognized in the United States so far as the immediate parties and the underlying cause of action are concerned."

Default judgments, as in the instant proceeding, have also been recognized where defendant has been given adequate notice and opportunity to be heard and there is nothing to show either prejudice in the court or in the system of laws under which it is sitting or fraud in procuring the judgment: Cherun v. Frishman, 236 F. Supp. 292 (D.D.C. 1964).

In Somportex, Limited v. Philadelphia Chewing Gum Corp., 453 F.2d 435 (3d Cir., 1971), the court relying on the principles and language of Hilton v. Guyot, 159 U. S. 113 (1895), stated as follows:

" 'When an action is brought in a court of this

country by a citizen of a foreign country against one of our own citizens . . . and the foreign judgment appears to have been rendered by a competent court, having jurisdiction of the cause and of the parties and upon due allegations and proofs, and opportunity to defend against them, and its proceedings are according to the course of a civilized jurisprudence, and are stated in a clear and formal record, the judgment is prima facie evidence, at least, of the truth of the matter adjudged; and it should be held conclusive upon the merits tried in the foreign court, unless some special ground is shown for impeaching the judgment, as by showing that it was affected by fraud or prejudice or that by the principles of international law, and by the comity of our own country, it should not be given full credit and effect.' "

The Pennsylvania Supreme Court in Christoff Estate, 411 Pa. 419 (1963), applied the same legal principles to a judgment of a foreign nation. The matter at issue is not the initial contract and affirmative defenses to said contract, but the judgment itself.

Defendant's new matter raises issues beyond the question of the validity of the Ankara judgment and the allowable scope set forth in Judge Doyle's order of May, 1972. In fact, the briefs of the parties in the instant proceedings reargue the same issues already disposed of by this court.

The enforcement of a foreign nation judgment can be resisted on the basis of lack of jurisdiction, fraud, contravention of public policy or discharge by payment: Restatement 2d, Conflicts, Sections 98, 104, 116. The new matter of defendant is only partially relevant to these issues.

In addition, the defense of laches is not applicable to the instant proceeding. Plaintiff filed a complaint in the Ankara court in 1952 which would have ap-

peared to be timely even under the law of Pennsylvania. As plaintiff's action is based upon the *judgment,* not the initial agreement, failure of defendant to attach a copy of said agreement to the complaint is also immaterial in these proceedings.

To the extent that defendant's new matter raises affirmative defenses relating to the merits of the initial claim including the defense of laches, plaintiff's preliminary objections are sustained and defendant is limited in his defense to the issue of whether the Turkish *judgment* is entitled to recognition and enforcement by this court.

### ORDER OF COURT

And now, to wit, December 28, 1972, after consideration of the argument and briefs of the parties, it is ordered, adjudged and decreed that plaintiff's preliminary objections to defendant's new matter are partially sustained insofar as such new matter raises affirmative defenses to the merits of the judgment. Defendant's paragraphs 12 and 13 are hereby ordered stricken and plaintiff is granted 14 days to amend paragraphs 9, 10, 11 and 12 to conform to the opinion attached to this order.